

**FILED**
**Sep 11, 2018**
**02:00 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jurine Hancock | ) | Docket No. 2017-08-1354 |
| | ) | |
| v. | ) | State File No. 938-2017 |
| | ) | |
| Federal Express Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

---

### Affirmed and Remanded – Filed September 11, 2018

---

The employee alleged suffering cardiac arrest while on the job as a result of working long hours for several days. The employer refused to provide workers' compensation benefits, asserting the employee's condition did not arise out of her employment. Following an expedited hearing addressing the employee's request for temporary disability and medical benefits, the trial court concluded the employee failed to offer sufficient proof that her condition arose out of the employment and denied the requested benefits. The employee has appealed. We affirm the trial court's decision, deem the appeal frivolous, but do not award the employer its attorney's fees or expenses, and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Jurine Hancock, Memphis, Tennessee, employee-appellant, pro se

Joseph Fletcher, Memphis, Tennessee, for the employer-appellee, Federal Express Corporation

### Memorandum Opinion[1]

Jurine Hancock ("Employee") was employed as a ramp agent for Federal Express Corporation ("Employer"). While in the course and scope of her employment on December 20, 2016, she suffered cardiac arrest and collapsed, resulting in incidental

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

injuries to her knees, left shoulder, and nose.[2]  The medical records of her treatment at Methodist University Hospital indicate Employee was initially treated at her worksite where "[a]n automatic external defibrillator device was applied and patient received 4 shocks with spontaneous circulation recovery after the 4th one."  Employee underwent cardiac catheterization at Methodist University Hospital the following day that "revealed 70% lesion in the very distal left anterior descending coronary artery."  The evaluating cardiologist recommended "cardioverter-defibrillator implantation for prevention of sudden cardiac death."  The device was implanted two days later.

Following her discharge from Methodist University Hospital, Employee received follow-up care from multiple providers for her cardiac condition, as well as for her knees, left shoulder, and nose, which Employee asserted were injured when she collapsed at the time of her heart attack.  On March 20, 2017, Employer filed a Form C-23 Notice of Denial of Compensation that included, as the basis for Employer's denial of the claim, "lack of medical documentation to support a work related injury" and Employer's assertion there was "no causal relationship to work."

Employee subsequently filed a petition seeking medical treatment and temporary disability benefits.  At an expedited hearing, Employee apparently testified she had worked eleven consecutive days of twelve-to-thirteen-hour shifts leading up to the December 20, 2016 event.  She relied on written statements of two co-workers to describe the incident, stating she did not recall much about the events of that day.  Following the expedited hearing, the trial court declined to award benefits, concluding Employee was not likely to prevail at trial because she failed to establish that her injuries were causally related to her employment.  Employee has appealed.

Employee did not file a transcript of the expedited hearing or a statement of the evidence.  The record on appeal includes voluminous medical records and other documentary evidence.  However, because we have no record of the testimony of witnesses at the expedited hearing, "the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court."  *Meier v. Lowe's Home Centers, Inc.*, No. 2015-02-0179, 2016 TN Wrk. Comp. App. Bd. LEXIS 30, at *3 (Tenn. Workers' Comp. App. Bd. July 27, 2016).  Consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence.  *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

---

[2] No transcript of the proceedings in the trial court or statement of the evidence has been provided in this appeal.  Accordingly, we have gleaned the facts from the technical record, the trial court's expedited hearing order, and the exhibits introduced during the expedited hearing.

Furthermore, Employee has not filed a brief or position statement explaining how she believes the trial court erred. Her notice of appeal states that her prior attorney and her doctor withheld documents until two days before her hearing, which she asserts "played a pivotal part in the outcome" of her case. However, Employee has not described any errors allegedly made by the trial court in its determination of the issues. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law clearly prohibits. Appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, although we have reviewed the documentary evidence in the record, we decline to search the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).[3]

Finally, we deem Employee's appeal to be frivolous. A frivolous appeal is one that is devoid of merit or brought solely for delay. *Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016). Stated another way, "[a] frivolous appeal is one that . . . had no reasonable chance of succeeding." *Adkins v. Studsvik, Inc.*, No. E2014-00444-SC-R3-WC, 2015 Tenn. LEXIS 588, at *30 (Tenn. Workers' Comp. Panel July 21, 2015). While there is no indication Employee brought this appeal to delay her case, our review of the record and Employee's notice of appeal reveals that the appeal has no reasonable chance of succeeding. However, we exercise our discretion not to award attorneys' fees or other expenses at this time. *See* Tenn. Comp. R. & Regs. 0800-02-22-.04(6) (2018). The trial court's decision is affirmed, and the case is remanded.

---

[3] Parenthetically, we note, as did the trial court, that none of the medical records address whether Employee's cardiac condition or her injuries were caused by her work.

3



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jurine Hancock | ) | Docket No.  2017-08-1354 |
| | ) | |
| v. | ) | State File No.  938-2017 |
| | ) | |
| Federal Express Corporation, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 11th day of September, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Jurine Hancock | | | | | X | hancock3078@comcast.net |
| Joseph M. Fletcher | | | | | X | jfletcher@lewisthomason.com |
| Deana C. Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov